*Court of Common Pleas, Dauphin County, April 26th,* 1855.

## SNYDER *v.* ENTERLINE.

Articles of agreement made between husband and wife, conveying to him all her interest in an estate, upon which she had a claim, the amount of which was unknown at the time of entering into the articles, are void. A power of attorney from a married woman to her husband is void.

BY THE COURT.—This suit is brought by Mrs. Snyder to recover her distributive portion of her father's estate. From the facts in evidence it appears that there was a proceeding in partition commenced June 8th, 1844, to divide the estate of John P.

[Snyder *v.* Enterline.]

Enterline, and a return made to August Term of the same year, showing that it could not be divided, when a rule was granted, returnable to November Term, to show cause why it should not be sold. A sale of the land was ultimately effected, and confirmed at November Term, 1847, and. a final administration account settled and confirmed at May Term, 1850, by which it appears that the sum of $458.59 was coming to each heir, excluding the real and personal property. The whole of this money had, prior to the final confirmation, been paid over to the husband of the plaintiff, who claimed to receive it by virtue of an article of agreement made between the parties, dated November 14th, 1844. The right of the husband to receive his wife's money depends on the validity of that instrument. It is a direct contract between the husband and wife, without the intervention of trustees, by which the wife assigns to her husband all her interest in her father's estate, both real and personal, and also appointed him her attorney to receive the money. This instrument is acknowledged before a justice of the peace in the method usually resorted to by husband and wife, when the land of the latter is to be sold. But notwithstanding the separate examination of the wife, this deed is void by the common law, as it is clearly settled that the wife cannot at law convey directly to the husband, nor can she constitute him her attorney to sell her land or receive her money. Such writings are, however, often supported in equity, when proper and beneficial to the wife. This article would, under some circumstances, be sustained in chancery as a post-nuptial contract, and a settlement of the wife's estate on her husband in a manner nearly as beneficial as it would have been cast on him by law, independent of the arrangement. But there are two difficulties in the way : First. The wife did not and could not know what she was conveying, as the estate was unsettled and the land unsold. She could not know how much was due for her personalty or what the land would bring. We consider it very clear that she must know precisely what she is about to dispose of, and cannot act in the dark as to sums and value. Secondly. As the conveyance embraces personal effects and evidently contemplates the sale of the real estate, which it was then ascertained from the proceeding in partition must be sold, it comes within the 48th section of the act of March 29th, 1832, which must be strictly pursued. There can be no pretence that the articles entered into between these parties conform to the act in any particular. And even if it were a declaration, made as required by the statute, according to the method of Walter's Estate (2 Wh. 246), it would be void if the precise amount of the estate was not known. The exactness with which the act of Assembly must be followed is more fully exemplified in Beyer *v.* Reesor (5 W. & S. 501), where the failure to file the declaration in the Orphans' Court is held to be fatal. . It was my disposition

[In re James Gowan's License.]

to sustain the payments in this case if practicable, as there is no doubt that the administrator paid the money in good faith to the plaintiff's husband, and it is more than probable that she has already enjoyed the benefit of it, and may even claim a portion of it a second time, as it goes to swell her husband's estate, out of which she is entitled to dower. But the administrator was bound to know the law, and should have withheld payment until the act was complied with. The power of attorney is invalid. A husband may constitute his wife his attorney, but I am unable to see how the converse can be sustained. By the common law the personalty of the wife would belong to the husband, and no authority from her to receive it is required, and should she authorize him to sell her land, he would have to join in the power, as she can sign no such instrument alone; and it would introduce the strange incongruity of the legal necessity of a man signing a letter of attorney to himself. Besides, if she can give a valid authority to her husband to receive her money, the act of 1832 becomes a dead letter. He can obtain her estate without one requisite of that act being complied with. For it is very clear that if the fund once comes into his hands, neither his wife nor the Orphans' Court can call on him to render an account or give security. I am of the opinion that there has been no authority shown to make these payments to John Snyder, and consequently judgment must be rendered in favor of the plaintiff for the sum of $625.72 on the case stated. To be entered as of the day the verdict was rendered, to wit, January 24th, 1855, *de bonis et terris* of Peter Enterline, deceased.

*Alricks, for plaintiff.*

*Berryhill, for defendant.*